**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0454-19

JEFFREY A. WICHOT,
an Adjudged Incapacitated
Person, by BARBARA A.
WICHOT and GREGORY
P. WICHOT, Court Appointed
Co-Guardians of the Person and
Property for JEFFREY A.
WICHOT,

      Plaintiff-Appellant,

v.

ALLSTATE NEW JERSEY
PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant/Third Party
      Plaintiff-Respondent,

v.

BRANDON T. BILLARD,
THOMAS J. RUBERTONE,
JAMES RUBERTONE, SHARON
RUBERTONE, JARRED TESCHNER,
RONALD J. TESCHNER, KELLY
TESCHNER, CHEYENNE CONA
and SHARON A. CONA,

Third-Party Defendants-
Respondents.
_____

Argued May 10, 2021 – Decided May 27, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law
Division, Passaic County, Docket No. L-0578-16.

Demetrios K. Stratis argued the cause for appellant
(Ruta, Soulios & Stratis, LLP, attorneys; Demetrios K.
Stratis, on the briefs).

Frederic J. Regenye argued the cause for respondent
Allstate New Jersey Property & Casualty Insurance
Company (Regenye Lipstein, LLC, attorneys; Frederic
Regenye, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from two orders entered after remand proceedings[1]: an

August 19, 2019 order denying his motion to transfer venue; and an October 19,

2019 order granting defendant's motion for summary judgment.  Plaintiff argues

that the judge erred by disregarding this court's instruction to have another judge

_____

[1] In Wichot v. Allstate N.J. Prop. & Cas. Ins. Co., No. A-2707-17 (App. Div.
Apr. 3, 2019) (slip op. at 17), we reversed and remanded a previous grant of
defendant's motion for summary judgment and, because the judge made previous
findings of fact, "direct[ed] that another judge handle the remand proceeding."
Ibid.

A-0454-19

handle remand proceedings, denying plaintiff's motion to transfer venue, and considering facts he learned while "presiding"[2] over plaintiff's unrelated libel and slander action. Additionally, plaintiff argues he was not required to provide a comparative analysis to establish causation between the 2012 assault and his post-traumatic stress disorder (PTSD) because he did not plead aggravation of a pre-existing injury in his complaint.

We rely on the facts as set forth in our previous opinion regarding the circumstances surrounding the previous assault. Wichot, slip op. at 3. Dr. Burton Weiss also outlined the details of the assault in his narrative report (the report), in which he concluded that "plaintiff has PTSD 'as a direct result of the [2012 assault].'"

The prior incident occurred in 2002 when a van struck plaintiff, who was riding a motorized scooter, propelling him twenty feet. As a result of striking his head on the concrete road, plaintiff suffered a "left occipital bone fracture, [] right parietal hematoma, [] bitemporal and right subfrontal contusions," and was in a coma for four days. He subsequently received care and rehabilitation

---

[2] Plaintiff asserts that the motion judge "presided over" his earlier case. Plaintiff provides a single case management order signed by the judge in support of this contention.

at Children's Specialized Hospital followed by a regimen of occupational, physical, and cognitive therapy, as well as home tutoring.

Although plaintiff did not allege or plead in his complaint that the assault incident aggravated a previous injury, Weiss noted that plaintiff's PTSD "aggravated and worsened pre[-]existing cognitive and emotional problems that [plaintiff] had from his brain injury [from the 2002 incident]," that plaintiff's mood disorder resulting from the 2002 incident is "exacerbated and worsened by the assault and its emotional sequela," and that plaintiff's "current psychiatric symptoms are qualitatively and quantitatively different than his symptoms before the assault. Clearly, the assault caused permanent emotional damage to [plaintiff's] functioning, and it is not possible to explain [plaintiff's] current psychiatric problems on the basis of brain injury alone."

On remand, defendant again moved for summary judgment, and eventually a different judge adjudicated the motion. In granting the motion, the judge reasoned that plaintiff failed to provide a comparative analysis to "give the jury guidance . . . as to what was psychological and emotional injuries [were] attributable to this accident."[3]

---

[3] In granting defendant's motion for summary judgment, the motion judge also stated that his decision "ha[d] nothing to do with" whether PTSD meets the

A-0454-19

I.

Plaintiff first argues that the motion judge erred by denying his motion to transfer venue and his request to have the remand proceedings assigned to a different judge in accordance with our directive. Wichot, slip op. at 17.

This court has the authority to direct that remand proceedings be assigned to a new judge. New Jersey Div. of Youth and Family Servs. v. A.W., 103 N.J. 591, 617 (1986), but we are to exercise this authority "sparingly," Graziano v. Grant, 326 N.J. Super. 328, 350 (App. Div. 1999). Reassignment on remand is appropriate where "there is a concern that the [motion] judge has a potential commitment to his or her prior findings" or "where the motion judge had expressed opinions regarding the intent of one of the parties." Id. at 349-50. Here, the earlier judge had made findings of fact, and in fairness to that judge, we directed a different judge handle the remand.

We review a denial of a motion to transfer venue for abuse of discretion. State v. Nelson, 173 N.J. 417, 476-77 (2002). Rule 4:3-3(a) provides that "[i]n actions in the Superior Court[,] a change of venue may be ordered by the

---

verbal threshold set forth in N.J.S.A. 39:6A-8(a) and relied on plaintiff's failure to produce a comparative analysis. Whether PTSD is sufficient to vault the verbal threshold was not addressed below, and we need not resolve it in this appeal.

Assignment Judge or the designee of the Assignment Judge of the county in which venue is laid." A change of venue may be properly considered "if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid." R. 4:3-3(a)(2). That was not the case here.

A judge initially denied this court's directive that a new judge be assigned to handle the remand proceedings. That prompted plaintiff to file a motion to transfer venue, which the judge also denied. Ultimately, a different judge conducted oral argument and granted defendant's second motion for summary judgment. Thus, even though the case remained in the County, a different judge adjudicated the summary judgment motion.

Although we agree that plaintiff should not have been required to request and then file a motion seeking that a different judge be assigned to the remand proceedings, our directive was ultimately not disregarded. And the motion judge did not abuse his discretion by denying plaintiff's motion for transfer of venue, as plaintiff had not established that "there is substantial doubt that a fair and impartial trial can be had in" Passaic County. R. 4:3-3(a)(2).

II.

A-0454-19

Plaintiff next argues that, in granting defendant's motion for summary judgment, the motion judge improperly considered facts through his involvement in one of plaintiff's unrelated actions.

During argument on defendant's motion, the judge had an extensive colloquy with counsel as to plaintiff's prior libel and slander action, which ultimately settled. The judge stated that he did not want to "turn a blind eye . . . to the truth" and that plaintiff's failure to include information relating to the libel and slander action was "[v]ery nefarious." Thereafter, the motion judge placed his decision on the record:

> This is an application for a summary judgment motion. The plaintiff suffered a -- well, initially suffered a horrific injury when he was a young boy which, unfortunately, as a . . . result of a traumatic brain injury resulted in a severe closed-head injury from which he suffered and -- ultimately, and to this day, suffers from and has been adjudged incapacitated and . . . his parents are his legal guardians.
>
> Germane to this motion, in 2012 he was . . . kidnapped from his own car. And during that kidnap he was driven around. He was slapped around. . . . [H]e was threatened with a gun. And, ultimately, there was an accident. Whoever was driving the vehicle I believe hit a wall. And at that point, everyone escaped, including luckily and thankfully the plaintiff.
>
> The plaintiff now states that as a result of those injuries he has sustained -- and the only claim is for an aggravation of his pre[-]existing emotional mental

A-0454-19

condition. And he does provide a report from Dr. Weiss. And Dr. Weiss talks about the client suffering from [PTSD]. However, he provides no allocation. And . . . he does not opine to what extent this accident exacerbated the prior injury and the prior condition.

This is a verbal threshold case. And he . . . mentions different actions. . . . [D]ifferent problems that . . . the plaintiff is experiencing and different treatment, and the condition is getting more severe. But in this Court's opinion, that is not a proper allocation that would allow the jury to be able to assess the degree that this accident aggravated the prior exist[ing] . . . to cause this or whether this was just a progression, quite frankly, of the disease that he suffered from prior to this accident.

For that reason, and because there's no allocation in which to give the jury guidance to; their decision would be purely speculative as to what psychological and emotional injuries are attributable to this accident, and which . . . is contrary to the holding of Davidson v. Slater, [189 N.J. 166 (2007),] and for that reason I'm going to grant the application.

Although the judge referenced the other case, he did not rely on information from the case or on information outside the pending motion record. We see no error where the judge adjudicated the motion on the record before him.

### III.

Plaintiff argues that because he did not plead aggravation of a pre-existing injury in his complaint, he is not required to provide a comparative analysis of

8

the injuries arising from the 2002 incident and the assault to survive a motion for summary judgment, and that a reasonable jury could conclude that his PTSD is the direct result of the assault. Defendant agrees that plaintiff did not plead aggravation in his complaint but argues that because plaintiff acknowledged the aggravation of a pre-existing injury through his response to interrogatories and through the introduction of Weiss' expert report, plaintiff needed to provide a comparative analysis.

We review a grant of summary judgment using the same standard that governs the motion judge's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Under that standard, summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995) (quoting R. 4:46-2). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'"

A-0454-19

Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38).

We must give the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Estate of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)). However, we owe no special deference to the motion judge's legal analysis. RSI Bank, 234 N.J. at 472 (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

During argument, the motion judge expressed concern that plaintiff had not satisfied Davidson and Polk v. Daconceicao, 268 N.J. Super. 568 (App. Div. 1993), by failing to provide a comparative analysis for what the motion judge characterized as an aggravation claim. Our Court in Davidson acknowledged the continued applicability of Polk analyses and circumstances where a plaintiff is required to provide a comparative analysis. 189 N.J. at 184-87.

> When a plaintiff alleges aggravation of pre-existing injuries as the animating theory for the claim, then plaintiff must produce comparative evidence to move forward with the causation element of that tort action. When a plaintiff does not plead aggravation of pre-existing injuries, a comparative analysis is not required to make that demonstration. [The Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to –35,] does not impose on plaintiff any special requirement for a comparative-medical analysis in

respect of causation in order to vault the verbal threshold.

[Id. at 170.]

Here, plaintiff's theory is that the assault caused a separate and distinct injury, and rejects the assertion that he pleaded aggravation from the 2002 incident. Plaintiff specified that the injuries he suffered were a direct and proximate result of the assault, which Weiss' conclusion that plaintiff "has [PTSD] as a direct result of the assault of April 9, 2012" effectively supported.

The Weiss report does discuss prior injuries, namely the exacerbation of plaintiff's prior traumatic brain injury. Plaintiff also responded to defendant's interrogatory as to prior disability by stating that the assault "severely exacerbated" his prior injury.

Defendant may "demonstrat[e] by competent evidence that that injury 'could' have been caused, wholly or partly, by an earlier accident or by a pre-existing condition." Id. at 187 (citing Paxton v. Misiuk, 34 N.J. 453, 460-61 (1961)). Based on Weiss' expert report, however, we conclude there exists disputed issues of fact about whether "defendant's negligence caused plaintiff's alleged permanent injury." Id. at 188. And even if defendant is correct that aggravation of a prior injury is part of this case—which plaintiff contends is

11

inaccurate—then that aspect of the proofs would become a matter of proximate cause for the jury. Id. at 186.

Reversed and remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION